NO. 07-02-0253-CV





IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



OCTOBER 1, 2002



______________________________




BETTY ANN NEWBY, APPELLANT



V.



DAN MOSER, INDIVIDUALLY AND AS TRUSTEE; MOSER INVESTMENTS;


THE ESTATE OF LON MOSER, DECEASED; AND SHERIA EVANS, APPELLEES




_________________________________



FROM THE 84TH DISTRICT COURT OF HUTCHINSON COUNTY;



NO. 34,920; HONORABLE WILLIAM D. SMITH, JUDGE



_______________________________



Before REAVIS and JOHNSON, JJ. and BOYD, S.J. (1)

DISMISSAL


 Appellant Betty Ann Newby filed a notice of appeal challenging numerous orders
of the trial court. On June 26, 2002, the trial court sustained the contest filed by two court
reporters to Newby's affidavit of indigence. On July 30, 2002, Newby filed a pro se
document in this Court seeking an extension of time on behalf of the trial court clerk
contending that the trial court clerk should not be permitted to request payment for the
record because she did not file a contest to her affidavit of indigence. However, because
the motion was not accompanied by the required filing fee, no ruling will be made
regarding that motion.

 By letter dated September 13, 2002, this Court notified Newby to make satisfactory
arrangements to pay for the clerk's record within ten days or the appeal would be subject
to dismissal. Although the Texas Rules of Appellate Procedure now impose the duty of
filing the record with the trial court clerk, Newby must pay the clerk's fee or make
satisfactory arrangements with the clerk to pay the fee. Tex. R. App. P. 35.3(a)(2). 
Pursuant to Rule 37.3(b), this Court may dismiss the appeal for want of prosecution if, due
to appellant's fault, the trial court clerk fails to file the clerk's record. Furthermore, under
Rule 42.3(c) this Court may dismiss an appeal, after giving ten days notice, for Newby's
failure to comply with a notice from the Clerk requiring a response within a specified time.

 Accordingly, because Newby did not comply with this Court's directive, the appeal
is hereby dismissed for want of prosecution and for failure to comply with a notice from the
Clerk of this Court. Tex. R. App. P. 42.3(b) & (c). Our disposition of this appeal renders
the motion for extension of time filed by the court reporter moot.

 

 Don H. Reavis

 

 Justice 

 


Do not publish.
1. 




though not necessarily at the same time, and 5) Hensley referred
to appellant by his nickname "Weiner." 

 The jury was instructed it could find appellant guilty if it believed he acted as a party
to the robbery. See Tex. Pen. Code Ann. §7.02(a)(2) (Vernon 2003) (one acts as a party
when, with intent to promote or assist the commission of the offense, he solicited,
encouraged, directed, aided, or attempted to aid in committing the offense). The foregoing
litany of evidence was enough to permit a rational jury to reasonably conclude, beyond
reasonable doubt, that appellant aided Hensley with the intent to promote or assist in the
robbery. And that the stories of Hensley and appellant differed did little more than create
fact disputes and credibility issues for the jury to resolve. Heiselbetz v. State, 906 S.W.2d
500, 504 (Tex. Crim. App. 1995). Moreover, the evidence indicative of guilt was not so
weak or minuscule to undermine our confidence in the verdict. So, we conclude that the
verdict was supported by both legally and factually sufficient evidence. 

 The judgment is affirmed.


 Brian Quinn 

 Chief Justice 


Do not publish.